THE STATE EX REL. MISSOURI INSURANCE COMPANY V. FREDERICK GEHNER, as Assessor of City of St. Louis, ET AL.—15 S. W. (2d) 334.

Court en Banc, March 27, 1929.

*Jones, Hocker, Sullivan & Angert* for relator.

*Julius T. Muench* and *Oliver Senti* for respondents.

WHITE, C. J.—Relator is a life insurance company organized under the laws of this State. By this proceeding it seeks to have quashed

the record of the Board of Equalization of the City of St. Louis, raising the value of its taxable assets, other than real estate, from $20,778.64 to $50,000. Relator's return of its property for taxation disclosed that its gross personal assets amounted to $448,265.33, consisting of taxable assets in the sum of $354,265.33 and non-taxable assets (United States bonds) in the sum of $94,000; and that its total liabilities, the legal reserve and unpaid policy claims, aggregated the sum of $333,486.69. Its method of determining the net value of its assets for taxation under Section 6386, Revised Statutes 1919, as appears from its return, was to deduct from the gross personal assets the aggregate of all liabilities and from *that net value* deduct the value of its non-taxable assets; in other words, it first took out of its gross assets all non-taxable assets and then from the remaining taxable assets it deducted the whole of its liabilities. The Board of Equalization, being of the opinion that said Section 6386 was unconstitutional, somewhat arbitrarily assessed relator's personal property at $50,000.

Section 6386 relates to the taxation of domestic insurance companies. With reference to every such company it provides that the net value of all its personal assets, or assets, or values, in excess of the legally required reserve necessary to reinsure its outstanding risks and unpaid policy claims, shall be assessed and taxed as the property of individuals. The section of course deals only with property which is subject to taxation. The question in this case is: How shall the net value of the *taxable assets* be determined? Relator claims, inferentially, that it has invested its surplus in United States bonds, non-taxable assets, and that it has put its legal reserve and working capital into other securities, which are subject to taxation; and that therefore the reserve and all other liabilities should be deducted from the taxable assets alone. But surplus, earnings, undivided profits, etc., are mere bookkeeping terms. The legal reserve is not a segregated fund; it is a measure of liability, a test of solvency; the amount that would be required to make a present settlement with all of relator's policyholders, or to reinsure its risks; it is an indebtedness. [State ex rel. Missouri State Life Insurance Co. v. Gehner, 320 Mo. 691, 8 S. W. (2d) 1068, 1072.] And relator's indebtedness, legal reserve and unpaid policy claims, is a charge against all of its assets, both taxable and non-taxable.

To put the question concretely: relator's non-taxable assets amount to $94,000, its taxable assets to $590,265.33 (real, $142,000; personal, $354,265.33), both are subject to liabilities aggregating $333,486.69— what is the net value of the taxable personal assets under Section 6386? We know of no more equitable way to determine such value than that of apportioning the total liability between the two classes of assets (the taxable and the non-taxable) according to their respective amounts and then deducting from the taxable assets the

liability so apportioned to that class. The taxable assets are approximately 84 per cent of the gross assets; 84 per cent of the aggregate liability is in dollars and cents $280,128.81; that sum deducted from the gross value in money of the taxable personal assets ($354,265.33) leaves $74,136.52, their net value. As this sum is greater than that at which relator's personal property was assessed by the Board of Equalization, its record should not be quashed. [State ex rel. American Automobile Insurance Company v. Gehner, 320 Mo. 702, 8 S. W. (2d) 1057.]

Our writ is accordingly quashed and the proceeding dismissed. All concur.